**KATHY A. DOCKERY**
**CHAPTER 13 TRUSTEE**
**700 S. FLOWER ST., SUITE 1950**
**LOS ANGELES, CA 90017**
**PHONE: (213) 996-4400**
**FAX: (213) 996-4426**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>    **STEVE S SUH**<br><br><br><br><br>    DEBTOR(S). | Case No: LA17-11062-SK<br><br>CHAPTER 13<br><br><br>**TRUSTEE'S OBJECTIONS TO PLAN CONFIRMATION; DECLARATION IN SUPPORT THEREOF; AND NOTICE RE: EFFECT OF FAILURE TO APPEAR AT CONFIRMATION HEARING**<br><br>DATE:          April 20, 2017<br>TIME:          10:00 am<br>PLACE:       ROYBAL BUILDING<br>                    255 EAST TEMPLE STREET<br>                    Courtroom 1575 15th Floor<br>                    LOS ANGELES, CA 90012 |

TO THE HONORABLE  SANDRA R. KLEIN,  UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND ALL PARTIES IN INTEREST:


The Chapter 13 Standing Trustee (the "Trustee") hereby objects to confirmation of the plan in that the Debtor(s) has failed to meet all of the mandatory requirements set forth under 11 U.S.C. §1325.  The Trustee's Objections are set forth in detail in Exhibit "A" of the attached Declaration in Support of the Trustee's Objections to Confirmation.  The Objections are based on information as known to the Trustee as of the §341(a) Meeting of Creditors (The "Meeting").  The Trustee reserves the right to raise additional objections.


Unless otherwise specified at the Meeting, the Trustee requests that the debtor(s) provide any new or amended documents no later than five days after the Meeting.  Pursuant to 11 U.S.C. §521(3), the debtor(s) is required to cooperate with the Trustee.


**THE FAILURE OF THE DEBTOR(S) OR THE ATTORNEY FOR DEBTOR(S), TO APPEAR AT THE CONFIRMATION HEARING IS CAUSE FOR DISMISSAL OR CONVERSION OF THE CASE UNLESS THE**

**DEBTOR(S) OR THE ATTORNEY FOR DEBTOR(S) IS EXCUSED BY THE TRUSTEE OR BY A COURT ORDER PURSUANT TO L.B.R. 3015-1(d).**

**THE DEBTOR(S) AND ATTORNEY FOR DEBTOR(S), IF ANY, ARE ALSO ADVISED THAT THE CASE MAY BE DISMISSED OR CONVERTED AT THE CONFIRMATION HEARING IF ALL PLAN PAYMENTS AND THE DECLARATION SETTING FORTH POST-PETITION PRECONFIRMATION DEED OF TRUST PAYMENTS (OFFICIAL FORM F3015-1.4) ARE NOT TENDERED TO THE TRUSTEE PRIOR TO THE DULY NOTICED HEARING TIME.**

WHEREFORE, the Standing Trustee respectfully requests that confirmation of the plan be denied.

DATED:

KATHY A. DOCKERY, Chapter 13 Trustee

**DECLARATION OF KATHY A. DOCKERY**

I, Kathy A. Dockery, declare as follows:

1. I am the standing Chapter 13 Trustee in this matter and by virtue thereof, I have personal knowledge of files and records kept by my office in the regular course of business. I have personally reviewed the files and records kept by my office in the within case. The following facts are true and correct and within my own personal knowledge and I could and would testify competently thereto if called to do so.

2. The Trustee objects to confirmation of the proposed Plan due to the following deficiencies all of which existed prior to or at the time of the §341(a) Meeting(s) held in this matter. A true and correct copy of the Trustee's Objections in this matter is attached hereto and incorporated herein by reference as Exhibit "A".

3. The Debtor(s) is requested to provide the documents and information set forth in Exhibit "A".

I declare under penalty of perjury that the foregoing is true and correct.

DATED:

_____

KATHY A. DOCKERY,  Chapter 13 Trustee

## Trustee Objections

**If the debtor(s) fails to produce the documents and resolve the issues set forth in this trustee's objection to confirmation, the trustee may recommend dismissal or conversion of the case for cause and unreasonable delay that is prejudicial to creditors.  See 11 U.S.C. §§1307(c) and 1307(c) (1).**

### BANKRUPTCY PAYMENTS DUE AT CONFIRMATION

**Bankruptcy Payments due at confirmation must be mailed to the Trustee's lockbox prior to the confirmation hearing.  The Debtor or Attorney must present the Plan Payment Declaration with an attached copy of the bankruptcy payment and a certified proof of mailing at the confirmation hearing.  The Trustee's lockbox address is as follows:**

**Chapter 13 Trustee**
**P.O. Box 691**
**Memphis, TN 38101-0691**

**If you do not have evidence that your bankruptcy payments are current, your case may be dismissed at the confirmation hearing.**

*Other issues may arise at or before confirmation requiring additional action or information by the debtor and debtor's counsel.*

## *RESPONSES TO THE TRUSTEE'S OBJECTIONS ARE DUE ON March 13, 2017*

*Responses to the Trustee's Objections must be uploaded to our website latrustee.com on the tab T.R.U.  If your firm is not registered for T.R.U., email our office at tru@latrustee.com for a user name and password for your firm.*

*All documents that are required to be filed with the Bankruptcy Court must be uploaded to PACER prior to submittal to the Trustee's website.*

| No. | OBJECTION | Amendment or Documentation Requested |
|---|---|---|
| | **The Plan** | |
| 1. | If the proposed Plan provides for less than a 100% dividend to class five creditors, the Debtor(s) is required to turn over all Federal income tax refunds received during the term of your Plan. | **Plan** |
| 2. | The debtor has failed to comply with Local Bankruptcy Rule 3015-1(b)(3) which requires the debtor to serve the plan with mandatory Local Bankruptcy Form 3015-1.2 "Notice of Section 341(a) Meeting and Hearing on Confirmation of Chapter 13 Plan With Copy of Chapter 13 Plan" at least 28 days before the date first set for the Section 341(a) meeting of creditors.  Based on the failure to timely serve the plan pursuant to the requirements of LBR 3015-1(b)(3), the debtor is requested to reserve the plan with Form 3015-1.2 showing the confirmation hearing date as the deadline to file an objection to confirmation of the plan at least 28 days prior to the date of the scheduled confirmation hearing." | **Form 3015-1.2 with Extended Deadline for Objections to Plan** |
| 3. | The Plan fails to provide a dividend at least equal to what a class five creditor would receive in a chapter 7 bankruptcy due to the fair market value of the Debtor's real and personal property.  11 U.S.C. § 1325(a)(4). | **Plan** |
| 4. | The proposed Plan is infeasible due to the creditor objection(s) filed by the following creditors.  11 U.S.C. § 1325(a)(6). | **Plan** |

| | • U.S. Bank National Association | |
|---|---|---|
| 5. | The Debtor has failed to propose a complete plan.  The Debtor is requested to amend the plan to include a percentage to nonpriority unsecured creditors with a term between 36 and 60 months and a plan payment that allows the Debtor to cure all defaults and cover administrative fees.   The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | **Plan** |
| 6. | The Debtor(s) has failed to provide proper treatment for the secured creditor, Nationstar, in the Plan.   See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Plan** |
| 7. | The Debtor(s) has failed to provide proper treatment for the secured creditor, Real Time Resolutions, in the Plan.   See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Plan** |
| 8. | The above-median income Debtor(s) has failed to propose a plan with a five year applicable commitment period.  See 11 U.S.C. §1325(b)(1)(B) and §1325(b)(4). | **Plan** |
| **Income (Schedule I)** | | |
| 9. | The Debtor(s) has failed to disclose their employment and income information on Schedule I.  The Debtor is requested to show all payroll deductions from employment and disclose all sources of income on Schedule I.   See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Schedule I** |
| **Expenses (Schedule J)** | | |
| 10. | The Debtor(s) has failed to file a complete copy of Schedule J.  See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Schedule J** |
| **Assets (Schedules A,B,C)** | | |
| 11. | The fair market value of the Debtor's principal residence disclosed on Schedule A is significantly understated as per zillow.com's property valuation.  The Debtor is requested to disclose the accurate fair market value for the real property disclosed on Schedule A or provide evidence of the real property valuation that is consistent with the fair market value disclosed on Schedule A. The Debtor has the burden of proof for plan confirmation.  See *In re: Hill*  268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001); the Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | **Schedule A Evidence of Real Property Valuation**<br><br>**Evidence can include any of the following:**<br>▪**Broker Price Opinion**<br>▪**Appraisal**<br>▪**Online Appraisal**<br>▪**Evidence of Prior Sales** |
| 12. | The Debtor(s) has failed to accurately disclose all personal property.   See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Schedule B** |
| **Liabilities (Schedules D,E,F,G)** | | |
| 13. | The Debtor(s) has failed to disclose the debt owed to the secured creditor, Real | **Schedule D** |

| | Time Resolutions.   See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | |
|---|---|---|
| 14. | The Debtor(s) has failed to disclose the value of the collateral that supports the Nationstar mortgage claim.   See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Schedule D** |
| 15. | The Debtor(s) has failed to disclose all priority  claims on Schedule E.   See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Schedule E** |
| **Statement of Financial Affairs** | | |
| 16. | The Debtor(s) has failed to answer all questions on the Statement of Financial Affairs.   See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **#7, #22, #26** |
| **Good Faith** | | |
| 17. | Due to the failure of the Debtor(s) to obtain an order extending or imposing the automatic stay, the presumption of the case not filed in good faith has arisen.  The Debtor(s) is requested to file a declaration which states, by clear and convincing evidence, that the instant case is filed in good faith.  Said declaration should include evidence that there has been a substantial change in the financial or personal affairs of the debtor since the dismissal of the prior case.  11 U.S.C. §362( c)(3)( C) or 11 U.S.C. §362( c)(4)(D). | **Declaration** |
| **Miscellaneous Objections** | | |
| 18. | The Debtor(s) is requested to provide a declaration regarding: Filing of Tax Returns and Payment of Domestic Support Obligations (Form 3015-1.8.Dec.Tax.Dso). The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4).  The Debtor has the burden of proof for plan confirmation.  See *In re: Huerta* 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), *In re: Wolff* 22 B.R. 510, 512 (9th Cir. BAP (Cal.) 1982), *In re: Hill* 268 B.R. 548, 552 (9th Cir.BAP (Cal.), 2001). | **Tax/DSO Declaration** |
| 19. | The Debtor(s) is requested to provide appropriate evidence of all required plan payments which have come due prior to the date and time of the scheduled confirmation hearing pursuant to the Trustee's policy and Local Bankruptcy Rules 3015-1(k) et seq. and 3015-1(m) et seq.  Failure to do so may be cause for dismissal or conversion of the case to a case under chapter 7 pursuant to 11 U.S.C. Section 1307(c) and Local Bankruptcy Rule 3015-1(k)(4) and 3015-1(m)(8). | **Evidence of Plan Payments** |

| In re: **STEVE S SUH** | CHAPTER: 13 |
|---|---|
| | CASE NUMBER: **2:17-bk-11062-SK** |

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
700 S. Flower Street, Suite 1950
Los Angeles, California 90017

A true and correct copy of the foregoing document described as "TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN (BATCH)", will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐    Service information continued on attached page

II.    **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On 4/3/17, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class , postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed .

☒    Service information continued on attached page

III.    **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct .

| 4/3/17 | Celenia Ramos | *Celenia Ramos* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                          **F 9013-3.1**

| In re: **STEVE S SUH** | |
|---|---|
| | CHAPTER: 13 |
| | CASE NUMBER: **2:17-bk-11062-SK** |

**Service List**

Steve S Suh
30014 Via Victoria
Rancho Palos Verdes, CA 90275

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                            **F 9013-3.1**